# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER M. TAYLOR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 18-cv-01165-TMP |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
|     Defendant. | ) |

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Before the court is plaintiff Jennifer Taylor's appeal from a final decision of the Commissioner of Social Security[1] ("Commissioner") denying her application for benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq.* and for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1385. (ECF No. 1.) After the parties consented to the jurisdiction of the United States magistrate judge, pursuant to 28 U.S.C. § 636(c), this case was referred to the undersigned. (ECF No. 11.) For the following reasons, the Commissioner's decision is affirmed.

I.    FINDINGS OF FACT

---

[1]Nancy A. Berryhill was the Acting Commissioner of Social Security at the time this action was filed. Therefore, she is named in the caption to this case. As of the date of this order, the Commissioner of Social Security is Andrew Saul.

Taylor applied for benefits on September 1, 2015, and protectively filed for SSI on August 13, 2015, with an alleged onset date of July 10, 2011. (R. 206-15.) The SSA denied Taylor's application initially and upon reconsideration. (R. 86, 147.) At Taylor's request, a hearing was held before an Administrative Law Judge ("ALJ") on October 12, 2017. (R. at 159, 162, 197.) On February 21, 2018, the ALJ issued a decision denying Taylor's request for benefits after finding that she was not under a disability because she retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy. (R. 10-26.)

In his decision, the ALJ concluded that Taylor has the following severe impairments: "fibromyalgia; mild degenerative disc disease in the lumbar spine; chronic bronchitis; depressive disorder; anxiety disorder; and history of drug and alcohol abuse in reported remission." (R. 13.) However, the ALJ found that Taylor did not have an impairment or combination of impairments listed in or medically equal to one of the listed impairments contained within 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.) Next, the ALJ concluded that Taylor retains the RFC:

> to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except she can lift, carry, push and pull ten pounds frequently and twenty pounds occasionally; sit about six hours in an eight hour workday; stand and walk about six hours in an eight hour workday; occasionally climb ramps and stairs but never ladders, ropes or scaffolds; occasionally stoop, crouch, kneel and crawl; frequently balance; must avoid concentrated exposure to

work around hazardous machinery, moving parts and work at unprotected heights; must avoid concentrated exposure to extreme heat, cold, dust, odors, fumes, pulmonary irritants and areas of poor ventilation; is limited to simple, routing, repetitive tasks and simple work related decisions; can interact occasionally with supervisors, co-workers and the general public; can adapt to occasional changed in the workplace; can maintain concentrations, persistence and pace for such tasks with normal breaks spread throughout the day.

(R. 15.)

After describing the basis for that RFC, the ALJ proceeded to the fourth step and concluded that Taylor was unable to perform past relevant work. (R. 24.) The ALJ then proceeded to the final step, where he concluded:

> Considering the Claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

(Id.) Accordingly, the ALJ found that Taylor was not disabled and was therefore not entitled to disability benefits. On June 26, 2018, the Appeals Council denied Taylor's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 1.) Taylor filed the instant action on August 23, 2018, seeking review of the ALJ's decision. (ECF No. 1.) On appeal, Taylor argues that the ALJ's RFC determination is unsupported by substantial evidence. (ECF No. 21 at 13-18.)

## II. CONCLUSIONS OF LAW

**A. Standard of Review**

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. Id.; Winn v. Comm'r of Soc. Sec., 615 F. App'x 315, 320 (6th Cir. 2015); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the

Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Kiner v. Colvin, No. 12-2254-JDT, 2015 WL 1295675, at *1 (W.D. Tenn. Mar. 23, 2015).

**B.   The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering

-5-

> his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. Oliver v. Comm'r of Soc. Sec., 415 F. App'x 681, 682 (6th Cir. 2011). The initial burden is on the claimant to prove she has a disability as defined by the Act. Siebert v. Comm'r of Soc. Sec., 105 F. App'x 744, 746 (6th Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

Entitlement to social security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. See 20 C.F.R. §§ 404.1520 & 416.920. First, the claimant must not be engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b) & 416.920(b). Second, a finding must be made that the claimant suffers from a severe impairment. 20 C.F.R.

§§ 404.1520(a)(4)(ii) & 416.920(a)(5)(ii). In the third step, the ALJ determines whether the impairment meets or equals the severity criteria set forth in the Listing of Impairments contained in the Social Security Regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. On the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the analysis and determine whether the claimant has the RFC to return to any past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv) & 404.1520(e). If the ALJ determines that the claimant can return to past relevant work, then a finding of not disabled must be entered. Id. But if the ALJ finds the claimant unable to perform past relevant work, then at the fifth step the ALJ must determine whether the claimant can perform other work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a)(4).

**C. Whether the ALJ's RFC Determination is Supported by Substantial Evidence**

RFC "is defined as 'the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs.'" Mokbel-Aljahmi v. Comm'r of Soc.

Sec., 732 F. App'x 395, 399 (6th Cir. 2018) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c)). "'In formulating [an RFC], the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions.'" Id. (quoting Eslinger v. Comm'r of Soc. Sec., 476 F. App'x 618, 621 (6th Cir. 2012)); see also 20 C.F.R. § 404.1545(a)(3). In making this determination, the ALJ may consider both objective medical evidence of a severe medical condition and the credibility of the claimant's subjective complaints. See Steagall v. Comm'r of Soc. Sec., 596 F. App'x 377, 381 (6th Cir. 2015); Schmiedebusch v. Comm'r of Soc. Sec., 536 F. App'x 637, 649 (6th Cir. 2013).

The "Social Security Act instructs that the ALJ — not a physician — ultimately determines a claimant's RFC." Coldiron v. Comm'r of Soc. Sec., 291 F. App'x 435, 439 (6th Cir. 2010); see also Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 728 (6th Cir. 2013) ("[T]o require the ALJ to base her RFC finding on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.") (internal quotation marks and citation omitted); Nejat v. Comm'r of Soc. Sec., 359 F. App'x 574, 578 (6th Cir. 2009) ("Although physicians opine on a

-8-

claimant's residual functional capacity to work, ultimate responsibility for capacity-to-work determinations belongs to the Commissioner."); Webb v. Comm'r of Soc. Sec., 368 F.3d 629, 633 (6th Cir. 2004) (stating that under the SSA regulations, "the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an 'assessment of [her] residual functional capacity'" (quoting 20 C.F.R. § 416.920(a)(4)(iv))).

In his decision, the ALJ concluded that Taylor retains the RFC:

> to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except she can lift, carry, push and pull ten pounds frequently and twenty pounds occasionally; sit about six hours in an eight hour workday; stand and walk about six hours in an eight hour workday; occasionally climb ramps and stairs but never ladders, ropes or scaffolds; occasionally stoop, crouch, kneel and crawl; frequently balance; must avoid concentrated exposure to work around hazardous machinery, moving parts and work at unprotected heights; must avoid concentrated exposure to extreme heat, cold, dust, odors, fumes, pulmonary irritants and areas of poor ventilation; is limited to simple, routing, repetitive tasks and simple work related decisions; can interact occasionally with supervisors, co-workers and the general public; can adapt to occasional changed in the workplace; can maintain concentrations, persistence and pace for such tasks with normal breaks spread throughout the day.

(R. 15.) Taylor argues that this RFC determination is not supported by substantial evidence. (ECF No. 21 at 13-17.) Specifically, Taylor contends that no evidence supports the ALJ's conclusion that Taylor could 1) stand about six hours in an eight-hour workday; and 2) lift ten pounds frequently and twenty pounds

occasionally.² (Id.) Taylor supports her argument by incorrectly stating that the ALJ rejected the opinions of all the state agency consultants. While the ALJ rejected the opinions of the initial state agency consultants, he later recognized:

> Upon reconsideration, and in light of updated records, the State agency consultants opined the claimant could perform a range of light exertional work activities, with *lifting* and carrying *twenty pounds occasionally and ten pounds frequently; standing and/or walking six hours in an eight hour workday* . . . .

(R. 23) (emphasis added). The ALJ recognized that the consultants "provided specific reasons for their opinion about the claimant's residual functional capacity showing that the opinion was grounded in the evidence of the record." (Id.) Ultimately, the ALJ assigned "considerable weight" to the opinions of those state agency consultants. (Id.) (citing Exhibits 6A and 7A). In addition to basing the RFC determination on those opinions, the ALJ also extensively analyzed Taylor's medical treatment history. (R. 16-22.) This diagnostic and medical treatment evidence supported the ALJ's RFC determination. For example, the ALJ correctly noted that Taylor's care providers indicated no "limitations on her physical work activity." (R. 22.); see also Downs v. Comm'r of Soc. Sec., 634 F. App'x 551, 553 (6th Cir. 2016) ("This diagnostic

---

²In her brief, Taylor continuously asserts that the ALJ concluded Taylor could frequently lift twenty pounds. (ECF No. 21 at 15-16.) However, this is factually inaccurate. The ALJ found that Taylor could lift "ten pounds *frequently* and twenty pounds *occasionally*." (R. 15) (emphasis added).

evidence - which reveals mostly mild-to-moderate findings and no significant degeneration - offers support to the ALJ's RFC determination."). Accordingly, the court concludes that the ALJ's RFC determination is supported by substantial evidence.

### III. CONCLUSION

For these reasons, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 22, 2019
Date
